IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GEORGE S. BROWN,

   Plaintiff,

v.           Case No. CIV-04-200-KEW

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

   Defendant.

## OPINION AND ORDER

This matter comes before this Court on the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Timothy M. White, the attorney for Plaintiff, on October 20, 2008 (Docket Entry #17). Counsel requests that he be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $12,422.00. Counsel was employed by Plaintiff to appeal the adverse decision rendered by Administrative Law Judge presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

In this case, Counsel filed this case on behalf of Plaintiff and filed the initial brief-in-chief on the issues relevant to the appeal to which Defendant responded. Counsel obtained an order reversing and remanding the case to Defendant for further consideration. On remand, Plaintiff received a fully favorable decision. Plaintiff was awarded attorneys' fees in accordance with the Equal Access to Justice Act ("EAJA") for the efforts before

this Court in the amount of $4,726.30. Plaintiff was awarded past due benefits in the amount of $65,888.00.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). Recently, the Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). <u>Wrenn v. Astrue</u>, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." <u>Id</u>. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of § 406(b).

Defendant does not take a position on awarding the amount requested but does advise this Court of its obligation to make an "independent check" as to the reasonableness of the award. Despite the fact the source for Counsel's compensation is a contingency fee contract, this Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained. Moreover, Defendant's stated concern that Counsel have been compensated by EAJA is allayed by

2

the fact Counsel must refund the smaller of any EAJA award and the amount awarded under § 406(b) to prevent a double recovery by the attorney. Kemp v. Bowen, 822 F.2d 966, 968 (10th Cir. 1987). Thus, counsel will be required to make the refund.

Defendant also provides authority in his brief which stands for the propositions that a claimant's attorney may not recover fees under § 406(b) for preparation of a fee request and services performed outside of federal court. However, Defendant does not indicate Counsel have improperly sought compensation for either of these items.

Defendant also rightly asserts a § 406(b) request must be filed within a reasonable time. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees. Id. To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. (citation omitted).

In this case, the Notice of Award was issued by Defendant on March 24, 2008 and a second Notice on June 23, 2008. Counsel filed the subject Motion on October 20, 2008. Counsel does not explain the delay in seeking fees in either the attorney fee motion or the Rule 60(b)(6) motion filed the same day. This Court cannot find the delay which occurred in this case warrants the draconian result

of denying an award of fees. However, counsel is forewarned that the consideration of future requests filed in the same dilatory will not be viewed favorably and may result in the denial of § 406(b) fees.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) filed October 20, 2008 (Docket Entry #18) is hereby **GRANTED**, with the admonition against future filings of similar delay.

IT IS FURTHER ORDERED that the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed October 20, 2008 (Docket Entry #17) is hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $12,422.00 and Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and the §406(b) fees awarded in this decision to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 19th day of November, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

4